## KATZKY v. FEIST et al.

(City Court of Brooklyn, General Term.   December 27, 1892.)

CONSPIRACY—EVIDENCE TO NEGATIVE.

In an action against a constable and an attaching creditor for conspiracy to ruin plaintiff's business by seizing and selling his property under the attachment, it is error to exclude evidence that plaintiff suffered judgment by default in the action wherein the attachment was granted, and that the property was sold under that judgment, as such evidence tends to negative the conspiracy.

Appeal from trial term.

Action by William W. Katzky, assignee of one Weinhandler, against Max Feist and Philip Goodman, for conspiracy to ruin the business of plaintiff's assignor. There was a judgment in plaintiff's favor, and defendants appeal. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

.J. W. & C. W. Ridgway, for appellants.

Ira Leo Bamberger, for respondent.

VAN WYCK, J. The complaint alleges that the defendants, Goodman (a constable) and Feist, (who was the plaintiff in an action against one Weinhandler, the assignor of Katzky,) combined and conspired together for the purpose of ruining and injuring the said Weinhandler, and used, in carrying out such conspiracy, a warrant of attachment issued in Feist against Weinhandler, viz. for the purpose of unlawfully and wrongfully seizing the property of Weinhandler, and procuring the delivery thereof to said Feist. To establish such conspiracy, plaintiff was allowed to show that such an attachment was granted, and that defendants seized the property of Weinhandler, and caused it to be sold. The court, under objection and exception, would not allow the defendants to show that judgment was given against Weinhandler by default in the action in which the attachment was granted, and that the property was sold under such judgment. We think this evidence would have tended, at least, to negative the alleged conspiracy, and therefore should have been admitted. We deem it unnecessary to discuss the other questions raised on the appeal, as the judgment and order must be reversed for this error, and new trial granted, with costs to appellants to abide the event.